# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| MICHELLE SIMONS, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 5:21-cv-00582 |
| CARSON SMITHFIELD, LLC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW COMES Plaintiff, MICHELLE SIMONS ("Plaintiff"), by and through her attorneys, Consumer Law Partners, LLC, complaining as to the conduct of CARSON SMITHFIELD, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and the Ohio Consumer Sales Practices Act ("OCSPA") pursuant to Ohio Rev. Code §1345.01 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the FDCPA and TCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for Plaintiff's state law claim pursuant to 28 U.S.C. §1367.

1

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Ohio and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Ohio.

## PARTIES

4.  Plaintiff is a disabled consumer over-the-age of 18 residing in Summit County, Ohio, which lies within the Northern District of Ohio.

5.  Plaintiff is a "person," as defined by 47 U.S.C. §153(39).

6.  Defendant is a third-party debt collector located at 225 West Station Square Drive, Pittsburgh, Pennsylvania 15219.  Defendant is organized under the laws of the state of Delaware, with its registered agent – CT Corporation System located at 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219.  Defendant regularly collects from consumers throughout the United States, including those residing within the state of Ohio.

7.  Defendant is a "person" as defined by 47 U.S.C. §153(39).

8.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9.  The instant action arises out of Defendant's attempts to collect upon outstanding debt ("subject debt") that Plaintiff allegedly incurred with Merrick Bank.

10. Upon information and belief, after Plaintiff's purported default with Merrick Bank, the subject debt was assigned to Defendant for collection purposes.

11. During the fall of 2020, Plaintiff was receiving systematic calls to her cellular phone, (216) XXX-5747, from Defendant.

12. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -5747. Plaintiff is and always has been financially responsible for the cellular phone and its services.

13. Defendant has mainly used the phone number (877) 394-5975 when placing calls to Plaintiff's cellular phone, but upon belief, Defendant has used other phone numbers as well.

14. Upon information and belief, the aforementioned phone number ending in -5975 is regularly utilized by Defendant during its debt collection activities.

15. Upon answering calls from Defendant, Plaintiff experiences a significant pause, lasting several seconds in length, and often has to say "hello" several times before a live representative begins to speak.

16. Upon speaking with Defendant, Plaintiff is informed that it is acting as a debt collector attempting to collect upon the subject debt.

17. Plaintiff has explained to Defendant that she is dealing with physical and financial hardship which have rendered her unable to work.

18. Rather than being understanding of Plaintiff's situation, Defendant has persisted with its collection phone calls, prompting Plaintiff to demand that Defendant stop calling.

19. In spite of Plaintiff's demands, Defendant has continued to place regular calls to Plaintiff's cellular phone through the filing of this action.

20. Plaintiff has even informed Defendant that she has an attorney, but yet, Defendant disregarded this information and proceeded with its harassing contacts.

21. Defendant has also placed multiple calls to Plaintiff's cellular phone during the same day, despite having knowledge of Plaintiff's requests that it cease doing so.

22. Plaintiff has received not less than 15 phone calls from Defendant since demanding that it stop calling.

23. Seeing no end to Defendant's relentless conduct, Plaintiff was forced to hire counsel and her damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

24. As a result of Defendant's actions, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other collectors from engaging in the unlawful collection practices described in this Complaint, *supra*.

25. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

26. Plaintiff has suffered additional concrete harm as a result of Defendant's actions, including but not limited to: invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

27.  Plaintiff repeats and realleges paragraphs 1 through 26 as though full set forth herein.

28.  Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

29.  Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

30.  Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant identifies

itself as a debt collector and is an active member of the Association of Credit and Collection Professionals ("ACA").[1]

31. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be due to another for personal, family, or household purposes.

**a.  Violations of the FDCPA, §1692c**

32. The FDCPA, pursuant to 15 U.S.C. §1692c(a)(1), prohibits a debt collector from communicating with a consumer "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer."

33. The FDCPA, pursuant to 15 U.S.C. §1692c(a)(2), further prohibits a debt collector from "communicat[ing] with a consumer in connection with the collection of a debt if the debt collector knows the consumer is represented by an attorney…"

34. Defendant violated 15 U.S.C. §1692c(a)(1) through its persistent phone calls to Plaintiff's cellular phone after Plaintiff notified it to stop.  Defendant was notified by Plaintiff that its calls were not welcomed and that she was feeling harassed.  As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

35. Defendant further violated 15 U.S.C. §1692c(a)(2) when it attempted to collect upon the subject debt by communicating directly with Plaintiff, despite knowing that Plaintiff was represented by an attorney with regard to the subject debt.  By intentionally bypassing Plaintiff's attorney and directly communicating with Plaintiff, Defendant attempted to take advantage of Plaintiff's confusion and ultimately force her to make a payment on the subject debt.

**b.  Violations of FDCPA §1692d**

---

[1] http://www.acainternational.org/search#memberdirectory

36. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

37. Defendant violated §1692d and d(5) when it continuously called Plaintiff after being notified to stop calling multiple times. Defendant called Plaintiff at least 15 times after she demanded that it stop.  This repeated behavior of systematically calling Plaintiff's phone in spite of this information was harassing and abusive.  The frequency and nature of the calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing Plaintiff.

**c.  Violations of FDCPA § 1692e**

38. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

39. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

40. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Defendant had knowledge of Plaintiff's requests to stop calling, Defendant continued to place systematic and automated collection calls to Plaintiff in a deceptive attempt to force her to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her via an automated system when it no longer had consent to do so.

6

### d. Violations of FDCPA § 1692f

41. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

42. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff after being notified that she no longer wished to receive telephone calls. Attempting to coerce Plaintiff into payment by placing systematic phone calls without her permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

43. As pled in paragraphs 23 through 26, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, MICHELLE SIMONS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

44. Plaintiff repeats and realleges paragraphs 1 through 43 as though fully set forth herein.

45. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") or pre-recorded messages without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

46. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The significant pause, lasting several seconds in length, and the fact that Plaintiff has had to repeatedly say "hello" several times before a live representative begins to speak,[2] is instructive that an ATDS was being utilized to generate the phone calls.

47. Moreover, the nature and frequency of Defendant's contacts points to the involvement of an ATDS. Specifically, the near-daily calls suggests that Defendant's phone system has the capacity to randomly or sequentially generate Plaintiff's cellular phone number and dial such number automatically, rather than through some process where Defendant is actively choosing to call Plaintiff's number and subsequently initiating the calling process after determining that Plaintiff was the intended target of its phone calls.

48. Upon information and belief, the system employed by Defendant to place the phone calls to Plaintiff's cellular phone has the means to identify the owner of the number that is produced shortly after the number is produced.

49. In light of the foregoing and upon further information and belief, the system employed by Defendant to place phone calls to Plaintiff's cellular phone has the *capacity* – (A) to store or

---

[2] Upon information and belief, the ATDS employed by Defendant transfers the call to a live representative once a human voice is detected, hence the conspicuous delay before being connected to a live representative. Furthermore, the ATDS employed by Defendant to contact Plaintiff's cellular phone detects when it has reached an individual's voicemail, and subsequently transfers such call to a live representative in the event Defendant's then-set calling campaign calls for leaving messages.

produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

50. Defendant violated the TCPA by placing at least a 15 phone calls to Plaintiff's cellular phone using an ATDS messages without her consent. Any consent that Plaintiff may have given to the originator of the subject debt, which Defendant will likely assert transferred down, was specifically revoked by Plaintiff's multiple demands that it cease contacting her.

51. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

52. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, MICHELLE SIMONS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Enjoining Defendant from placing any more phone calls to Plaintiff's cellular phone;

c. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

d. Awarding Plaintiff costs and reasonable attorney fees;

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT

53. Plaintiff restates and realleges paragraphs 1 through 52 as though fully set forth herein.

9

54. Plaintiff is a "person" and "consumer" as defined by Ohio Rev. Code §1345.01(B) and (D).

55. Defendant's collection efforts constitute a "consumer transaction," as the term is defined by Ohio Rev. Code §1345.01(A).

56. Defendant is a "supplier" as defined by Ohio Rev. Code §1345.01(C).

### a.  Violations of OCSPA § 1345.02

57. The OCSPA, pursuant to Ohio Rev. Code §1345.02 states that "No supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction.  Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during, or after the transaction."

58. Defendant violated §1345.02 of the OCSPA when it used deceptive means to collect and/or attempt to collect the subject debt. Plaintiff informed Defendant that she did not wish to receive phone calls and that she had an attorney, but yet, Defendant's systematic phone calls continued, prompting Plaintiff to reiterate her demands that it stop calling her.  Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to continue contacting her via an automated system when it no longer had consent to do so.

### b.  Violations of OCSPA § 1345.03

59. The OCSPA, pursuant to Ohio Rev. Code §1345.03 states that "No supplier shall commit an unconscionable act or practice in connection with a consumer transaction.  Such an unconscionable act or practice by a supplier violates this section whether it occurs before, during, or after the transaction."

60. Defendant violated §1345.02 of the OCSPA when it unfairly and unconscionably attempted to collect on the subject by continuously calling Plaintiff over 15 times after being notified to stop, including multiple phone calls during the same day. Attempting to coerce Plaintiff

into payment by placing voluminous phone calls without her permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

WHEREFORE, Plaintiff, MICHELLE SIMONS, respectfully requests that this Honorable Court entering judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Ohio Rev. Code §1345.09(A);

c. Award Plaintiff statutory damages up to $5,000.00, pursuant to Ohio Rev. Code §1345.09(A);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Ohio Rev. Code §1345.09(F);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Award any other relief as the Honorable Court deems just and proper.

DATED this 12th day of March, 2021.                    Respectfully Submitted,

                                                        /s/ Taxiarchis Hatzidimitriadis
                                                       Taxiarchis Hatzidimitriadis #6319225
                                                       CONSUMER LAW PARTNERS, LLC
                                                       333 N. Michigan Ave., Suite 1300
                                                       Chicago, Illinois 60601
                                                       (267) 422-1000 (phone)
                                                       (267) 422-2000 (fax)
                                                       teddy@consumerlawpartners.com

                                                       *Attorneys for Plaintiff, Michelle Simons*